| | |
|---|---|
| 1 | ARTHUR S. BEEMAN (Bar No. 237996) |
| 2 | PAMELA K. FULMER (Bar No. 154736)<br>ANNE-MARIE DINIUS (Bar No. 201766) |
| 3 | DLA PIPER RUDNICK GRAY CARY US LLP<br>153 Townsend Street, Suite 800 |
| 4 | San Francisco, CA 94107-1957<br>Tel: 415.836.2500 |
| 5 | Fax: 415.836.2501 |
| 6 | Attorneys for Defendant and Counterclaimant<br>CYBERHOME ENTERTAINMENT, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TECHNOLOGY LICENSING COMPANY, INC., a California corporation, | | CASE NO. C 05-03683 JSW |
| | Plaintiff, | **STIPULATION AND [PROPOSED] ORDER EXTENDING MEDIATION CONFIDENTIALITY PRIVILEGE** |
| v. | | |
| CYBERHOME ENTERTAINMENT, INC., a California corporation, | | |
| | Defendant. | |
| AND RELATED COUNTERCLAIMS | | |

WHEREAS, Plaintiff and Counterdefendant Technology Licensing Company, Inc. ("TLC") and Defendant and Counterclaimant CyberHome Entertainment, Inc. ("CyberHome") participated in a Court-Ordered Mediation on April 3, 2006 (the "Mediation");

WHEREAS, prior to the Mediation, the parties executed a Confidentiality Agreement on March 28, 2006 ("the Confidentiality Agreement"), a copy of which is attached hereto as Exhibit A; and

WHEREAS, during the Mediation, in the interest of furthering settlement discussions, the parties agreed to participate in a meeting on April 17, 2006;

DLA PIPER RUDNICK
GRAY CARY US LLP
ATTORNEYS AT LAW

SF\3125656.1
356065-12

STIPULATION AND [PROPOSED] ORDER EXTENDING MEDIATION CONFIDENTIALITY
PRIVILEGE          (CASE NO. C 05-03683 JSW)

1 THEREFORE, TLC and CyberHome stipulate and agree to the following conditions that
2 will govern the April 17, 2006 meeting:
3     (a) the meeting will take place on April 17, 2006 at CyberHome's Corporate
4 Headquarters in Fremont, California;
5     (b) the participants in the meeting will be Jim Carroll, General Counsel for CyberHome,
6 Charles Kulas, the inventor of U.S. Patent No. 5,734,862, and a technical representative(s) from
7 CyberHome;
8     (c) the purpose of the April 17, 2006 meeting is for Mr. Kulas to have the opportunity to
9 present his infringement position to the General Counsel and technical representative(s) from
10 CyberHome;
11     (d) the communications during the April 17, 2006 meeting will be pursuant to and in the
12 mediation proceedings; and are therefore subject to, and governed by, the Confidentiality
13 Agreement attached as Exhibit A to this stipulation, and by ADR L.R. 6.11; and
14     (e) the fact of the occurrence and purpose of the April 17, 2006 meeting as articulated
15 above will not be confidential.

Dated: April \_\_\_\_, 2006

By_____
JOHN C. CARPENTER
DANIEL REMER
Attorneys for Plaintiff and Counterdefendant
TECHNOLOGY LICENSING COMPANY, INC.

Dated: April 4, 2006

DLA PIPER RUDNICK GRAY CARY US LLP

By_____
ARTHUR S. BEEMAN
PAMELA K. FULMER
ANNE-MARIE DINIUS
Attorneys for Defendant and Counterclaimant
CYBERHOME ENTERTAINMENT, INC.

Dated: April \_\_\_\_, 2006

By_____
PETER COURTURE
MEDIATOR FOR TECHNOLOGY LICENSING
COMPANY, INC v. CYBERHOME
ENTERTAINMENT, INC.

DLA PIPER RUDNICK
GRAY CARY US LLP
ATTORNEYS AT LAW

SF\3125656.1
356065-12

-2-
STIPULATION AND [PROPOSED] ORDER EXTENDING MEDIATION CONFIDENTIALITY
PRIVILEGE    (CASE NO. C 05-03683 JSW)

THEREFORE, TLC and CyberHome stipulate and agree to the following conditions that will govern the April 17, 2006 meeting:

(a) the meeting will take place on April 17, 2006 at CyberHome's Corporate Headquarters in Fremont, California;

(b) the participants in the meeting will be Jim Carroll, General Counsel for CyberHome, Charles Kulas, the inventor of U.S. Patent No. 5,734,862, and a technical representative(s) from CyberHome;

(c) the purpose of the April 17, 2006 meeting is for Mr. Kulas to have the opportunity to present his infringement position to the General Counsel and technical representative(s) from CyberHome;

(d) the communications during the April 17, 2006 meeting will be pursuant to and in the mediation proceedings; and are therefore subject to, and governed by, the Confidentiality Agreement attached as Exhibit A to this stipulation, and by ADR L.R. 6.11; and

(e) the fact of the occurrence and purpose of the April 17, 2006 meeting as articulated above will not be confidential.

Dated: April 4, 2006

By _____
JOHN C. CARPENTER
DANIEL REMER
Attorneys for Plaintiff and Counterdefendant
TECHNOLOGY LICENSING COMPANY, INC.

Dated: April 4, 2006

DLA PIPER RUDNICK GRAY CARY US LLP

By _____
ARTHUR S. BEEMAN
PAMELA K. FULMER
ANNE-MARIE DINIUS
Attorneys for Defendant and Counterclaimant
CYBERHOME ENTERTAINMENT, INC.

Dated: April 4, 2006

By _____
PETER COURTURE
MEDIATOR FOR TECHNOLOGY LICENSING
COMPANY, INC v. CYBERHOME
ENTERTAINMENT, INC.

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3  DATED: April 5, 2006 _____
                                    *Jeffrey S. White*
4                                   JEFFREY S. WHITE
                                    UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER RUDNICK
GRAY CARY US LLP
ATTORNEYS AT LAW

SF\3125656.1
356065-12

-3-
STIPULATION AND [PROPOSED] ORDER EXTENDING MEDIATION CONFIDENTIALITY
PRIVILEGE        (CASE NO. C 05-03683 JSW)

ALTERNATIVE DISPUTE RESOLUTION PROGRAM
U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
CONFIDENTIALITY AGREEMENT

Case Name: Technology Licensing Company, Inc. v. CyberHome Entertainment, Inc.
Case No.: C:05-03683-JSW
Date of ADR Session: Beginning on April 3, 2006

Consistent with the provisions of ADR Local Rules 5-13 and 6-11 governing the confidentiality of ENE and mediation sessions, the participants in the ADR session agree that no written or oral communication made by any party, attorney, neutral or other participant in connection with or during any ADR session may be used for any purpose in any pending or future proceeding, unless all parties, including the neutral, so agree.

The parties further agree that evidence admissible or subject to discovery or disclosure shall not be inadmissible or protected from disclosure solely by reason of its introduction or use in this ADR proceeding. Further, disclosure of information which is otherwise privileged shall not alter its privileged character.

The parties further agree not to subpoena the neutral or any documents submitted to or prepared by the neutral in connection with or during the mediation or ENE session. The neutral shall not voluntarily testify on behalf of a party.

This agreement shall not preclude a report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2 1(a) regarding a possible violation of the ADR Local Rules. Nor shall this agreement render inadmissible a written settlement agreement reached as a result of this ADR proceeding in an action to enforce that settlement.

Evaluator / Mediator                          Date: 3-28-06

_____

Plaintiff: FOR TLC                            Defendant:
_[signature]_                                 _[signature]_

**EXHIBIT_ A**

Plaintiff's Attorney
Name: DANIEL COOPER

_____

Defendant's Attorney
Name: Arthur S. Beeman

_____

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper Rudnick Gray Cary US LLP, 153 Townsend Street, Suite 800, San Francisco, California 94107-1957. On April 5, 2006, I served the within documents:

**STIPULATION AND [PROPOSED] ORDER EXTENDING MEDIATION CONFIDENTIALITY PRIVILEGE**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by causing a messenger to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Daniel Remer, Esq. <br> John W. Carpenter, Esq. <br> Technology Licensing Company <br> 33 1/2 Los Pinos <br> Nicasio, CA 94946 <br> Tel: (415) 398-4517 <br> Fax: (415) 276-9857 <br> Email: dan@danielremer.com | Attorneys for Plaintiff and Counterdefendant Technology Licensing Company, Inc. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 5, 2006, at San Francisco, California.

*Judith A. Fazackerley*
Judith A. Fazackerley