1　ARTHUR S. BEEMAN (Bar No. 237996)
　　PAMELA K. FULMER (Bar No. 154736)
2　ANNE-MARIE DINIUS (Bar No. 201766)
　　DLA PIPER RUDNICK GRAY CARY US LLP
3　153 Townsend Street, Suite 800
　　San Francisco, CA 94107-1957
4　Tel: 415.836.2500
　　Fax: 415.836.2501
5

6　Attorneys for Defendant and Counterclaimant
　　CYBERHOME ENTERTAINMENT, INC.

7

8　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　NORTHERN DISTRICT OF CALIFORNIA

10

11　TECHNOLOGY LICENSING　　　CASE NO. C 05-03683 JSW
　　COMPANY, INC., a California
12　corporation,　　　　　　　　　[PROPOSED] STIPULATED
　　　　　　　　　　　　　　　　　PROTECTIVE ORDER
13　　　　　　Plaintiff,

14　　　　v.

15　CYBERHOME ENTERTAINMENT,
　　INC., a California corporation,
16
　　　　　　Defendant.
17
18　AND RELATED COUNTERCLAIMS

19　　　　Plaintiff and Counterdefendant Technology Licensing Company, Inc. ("TLC") and

20　Defendant and Counterclaimant CyberHome Entertainment, Inc. ("CyberHome") assert that they

21　may possess confidential information in the form of trade secrets or other confidential business,

22　personal and/or technical information related to the subject matter of this litigation. The parties

23　recognize that it may be necessary to disclose certain of the asserted confidential information

24　during the course of this litigation. As a result, the parties desire limiting disclosure and

25　preventing use of such information for purposes other than the prosecution and defense of this

26　action. The parties specifically agree that any CONFIDENTIAL INFORMATION,

27　ATTORNEYS' EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS'

28　EYES ONLY INFORMATION, or ATTORNEYS' EYES ONLY-SOURCE CODE shall be used

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1    solely for the purposes of this litigation, and will not be used by the parties hereto in any other

2    action or proceeding, or for any other purpose. In addition, the parties contemplate that non-

3    parties may produce confidential information, which should also be accorded protection under

4    this Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and

5    through their respective undersigned counsel, hereby stipulate and agree to the request for, and

6    entry of, the following Protective Order ("Order").

7    1.   **DEFINITIONS**

8         (a)   *Designated Material*: The term "Designated Material" shall mean any Discovery

9    Material designated by a Producing Party as CONFIDENTIAL INFORMATION, ATTORNEYS'

10   EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY

11   INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE, which comprises or

12   contains information that the Producing Party claims in good faith to constitute or relate to trade

13   secrets under applicable law, and confidential and proprietary information, such as, without

14   limitation, research and development information (including, for example, market and

15   demographic research, and product and advertising development), commercial information

16   (including, for example, business plans, business strategies, negotiations, and license

17   agreements), financial information (including, for example, budgeting, accounting, sales figures

18   and advertising expenditures), business relationship information (including, for example,

19   information pertaining to potential and/or existing customers, competitors, suppliers, distributors,

20   affiliates, subsidiaries, and parents), personnel information (including, for example,

21   compensation, evaluations and other employment information), and patent prosecution

22   information (including, for example, present or future patent applications).

23        (b)   *Discovery Material*: The term "Discovery Material" shall mean any document (as

24   defined below), material, item, testimony, or thing filed with or presented to the Court or

25   produced, served, or generated during the discovery process, including, for example, exhibits,

26   answers to interrogatories, responses to requests for admissions, responses to requests for

27   production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all

28   copies, extracts, summaries, compilations, designations, and portions thereof.

-2-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1    (c)    *Document*:  The term "Document" shall mean every means of recording any form

2    of communication or representation upon any tangible thing, including letters, words, pictures,

3    sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing,

4    photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any

5    other form of data storage, data compilation, or mechanical or electronic recording, and all other

6    tangible things that come within the meaning of writing contained in Rule 1001 of the Federal

7    Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34

8    of the Federal Rules of Civil Procedure.

9    (d)    *Producing Party*:  The term "Producing Party" shall mean any party to this action

10   or any third party, including its counsel, retained experts, directors, officers, employees, or

11   agents, who produces any Discovery Material during discovery for this action.

12   (e)    *Receiving Party*:  The term "Receiving Party" shall mean any party to this action,

13   including its counsel, retained experts, directors, officers, employees, or agents, who receives any

14   Discovery Material.

15   (f)    *Source Code*:  The term "Source Code" shall include computer instructions and

16   data definitions expressed in a form suitable for input to an assembler, compiler or other

17   translator.  Source code is not object code, which is computer instructions and data definitions in

18   a form outputted by an assembler or compiler.

19   2.    **CATEGORIES OF DESIGNATED MATERIAL**

20   (a)    *Types*.  Any Producing Party may mark Designated Material as:

21   (i) "CONFIDENTIAL INFORMATION," if the Producing Party claims in good faith that the

22   Designated Material constitutes confidential research, development, financial, technical,

23   personnel, or commercial information; (ii) "ATTORNEYS' EYES ONLY INFORMATION" or

24   (iii) "3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION" if the

25   Producing Party claims in good faith that the Designated Material is of such an extremely

26   sensitive nature that the disclosure of such Designated Material to a Receiving Party would result

27   in competitive or other business injury to it; or that such information belongs in whole or in part

28   to a third party; or that the Producing Party is under a non-disclosure agreement with respect to

-3-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1   such information; or (iii) "ATTORNEYS' EYES ONLY–SOURCE CODE," if the Producing

2   Party claims in good faith that the Designated Material constitutes or contains the Producing

3   Party's non-public source code or documents revealing source code logic or algorithms of the

4   Producing Party's software or computer applications.  The parties agree to not use the designation

5   "ATTORNEYS' EYES ONLY INFORMATION," "3D PARTY CONFIDENTIAL

6   ATTORNEYS' EYES ONLY INFORMATION," and "ATTORNEYS' EYES ONLY–SOURCE

7   CODE" for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting

8   the Receiving Party's access to information concerning the lawsuit.

9         (b)    *Scope.*  The scope of this Order shall be understood to encompass not only

10  Designated Material which is expressly designated as CONFIDENTIAL INFORMATION,

11  ATTORNEYS' EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS'

12  EYES ONLY INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE but also any

13  information copied therefrom, and all copies, excerpts, and summaries thereof, as well as

14  testimony and oral conversations that reveal that information.

15        (c)    *Additional Categories.*  The parties may agree to add additional categories of

16  Designated Material (in addition to CONFIDENTIAL INFORMATION, ATTORNEYS' EYES

17  ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY

18  INFORMATION, and ATTORNEYS' EYES ONLY–SOURCE CODE) from time to time as

19  necessary.  If the parties cannot resolve the issue of whether this Order should be amended to

20  include the proposed new category of Designated Material, the dispute may be submitted to the

21  Court in accordance with the Local Rules and the assigned Judge's standing orders regarding

22  discovery disputes.  Disclosure of the Discovery Material, however, shall still be made, but with

23  the highest level of confidentiality available under this Order, pending resolution of the objection

24  by the parties or the Court, as the case may be.

25  3.    **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

26      Marking Designated Material as CONFIDENTIAL INFORMATION, ATTORNEYS'

27  EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY

28

-4-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1    INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE shall be made by the

2    Producing Party in the following manner:

3          (a)     In the case of documents or any other tangible thing produced, designation shall be

4    made by placing the legend "CONFIDENTIAL INFORMATION," "ATTORNEYS' EYES

5    ONLY INFORMATION," "3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY

6    INFORMATION," or "ATTORNEYS' EYES ONLY–SOURCE CODE" on each page of the

7    document or on the cover or in a prominent place on any other tangible thing prior to production

8    of the document or tangible thing;

9          (b)     In producing original files and records for inspection, no marking need be made by

10    the Producing Party in advance of the inspection. For the purposes of the inspection, all

11    documents produced shall be considered as marked "ATTORNEYS' EYES ONLY

12    INFORMATION." Thereafter, upon selection of specified documents for copying by the

13    Receiving Party, the Producing Party shall mark as "CONFIDENTIAL INFORMATION,"

14    "ATTORNEYS' EYES ONLY INFORMATION," "3D PARTY CONFIDENTIAL

15    ATTORNEYS' EYES ONLY INFORMATION" or "ATTORNEYS' EYES ONLY–SOURCE

16    CODE" the copies of such documents as may contain confidential information at the time the

17    copies are produced to the Receiving Party; and

18          (c)     In the case of deposition testimony, transcripts or portions thereof, designation

19    shall be made by the Producing Party either (i) on the record during the deposition, in which case

20    the portion of the transcript of the designated testimony shall be bound in a separate volume and

21    marked "CONFIDENTIAL INFORMATION," "ATTORNEYS' EYES ONLY

22    INFORMATION," "3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY

23    INFORMATION," or "ATTORNEYS' EYES ONLY–SOURCE CODE" by the reporter, as the

24    Producing Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of

25    record, given within ten (10) business days after the reporter sends written notice to the deponent

26    or the deponent's counsel that the transcript is available for review, in which case all counsel

27    receiving such notice shall be responsible for marking the copies of the designated transcript or

28    portion thereof in their possession or control as directed by the Producing Party or deponent.

-5-

DLA PIPER RUDNICK
GRAY CARY US LLP     SF\3123109.5
356065-12              STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1    Pending expiration of the ten (10) business days, all parties and, if applicable, any third party

2    witnesses or attorneys, shall treat the deposition transcript as if it had been designated

3    "ATTORNEY'S EYES ONLY INFORMATION." No person shall attend the designated

4    portions of such depositions unless such person is an authorized recipient of Designated Material

5    under the terms of this Order.

6    4.    **CONTESTING THE DESIGNATION**

7        (a)    No party to this action shall be obligated to challenge the propriety of any

8    designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any

9    way preclude a subsequent challenge in this or any other action to the propriety of such

10   designation.

11       (b)    Any party may contest a claim of confidentiality. Any party objecting to the

12   designation of any Discovery Material as Designated Material, such as CONFIDENTIAL

13   INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or ATTORNEYS' EYES

14   ONLY–SOURCE CODE, must give outside counsel of record for the Producing Party written

15   notice of its reasons for the objection. Failing resolution after service of the written notice of its

16   reasons for the objection, the party objecting may, on a duly noticed motion or letter brief in

17   compliance with the Local Rules and the assigned Judge's standing orders, seek an order

18   changing or removing the designation. In the resolution of such matter, the burden of establishing

19   confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing

20   Party, but information designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES

21   ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY

22   INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE shall be deemed as such

23   until the matter is resolved.

24   5.    **RESTRICTION ON DISCLOSURE AND USE**

25       (a)    *Confidentiality.* Designated Material and the information derived from such

26   Designated Material (excluding information that is derived lawfully from an independent source)

27   shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise

28

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

-6-

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1    communicated in any manner, either directly or indirectly, to any person not authorized to receive

2    the information under the terms of this Order.

3            (b)     *Maintenance of Designated Material.*  Designated Material shall be maintained by

4    the Receiving Party at a location and under circumstances to ensure that access is limited to those

5    persons entitled to have access under this Order and subject to paragraph 5(c).

6            (c)     *Source Code.*  Designated Material marked as ATTORNEYS' EYES ONLY–

7    SOURCE CODE shall be subject to the following provisions:

8                    (i)     The Producing Party shall produce a paper copy of the source code directly

9    to the Receiving Party's outside counsel of record;

10                   (ii)    The Receiving Party's outside counsel of record shall maintain and store

11   the paper copy of the source code at their offices in a manner that prevents duplication of or

12   unauthorized access;

13                   (iii)   The Receiving Party may make not more than four (4) additional paper

14   copies of the source code each of which shall be numbered as follows: "Copy 1 of 4, Copy 2 of 4,

15   Copy 3 of 4, Copy 4 of 4," exclusive of copies used in preparation for or during deposition, and

16   copies filed in Court;

17                   (iv)    The Receiving Party's outside counsel may only send a copy of the source

18   code to an individual who has signed the Acknowledgment of Protective Order attached hereto as

19   Exhibit A; and

20                   (v)     Nothing in this Order shall obligate the parties to produce any source code,

21   or act as an admission that any particular source code is discoverable.

22           (d)     A Producing Party is free to do whatever it desires with its own Designated

23   Material.

24   6.     **ACCESS TO DESIGNATED MATERIAL**

25           (a)     *Access-* "ATTORNEYS' EYES ONLY INFORMATION" and "3D PARTY

26   CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION."  Designated Material

27   marked "ATTORNEYS' EYES ONLY INFORMATION" or "3D PARTY CONFIDENTIAL

28

-7-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

ATTORNEYS' EYES ONLY INFORMATION" shall be available only to the following persons subject to the terms of paragraph 7:

(i)     Outside counsel of record to any party in connection with this action, and the outside counsel's partners, associates and employees, provided they have a need to know and shall exclude employees or, officers of, directors of, or persons having an ownership interest in a named party;

(ii)    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

(iii)   Approved consultants or experts, excluding employees, officers or directors of a named party, retained by any of the parties or their counsel to consult or testify in the case;

(iv)    Authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action, or during this action, only if obtained independent and outside of this action and not in violation of this Order;

(v)     Third party contractors and their employees involved in document management or copying services for this litigation;

(vi)    Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this action;

(vii)   Jury or trial consulting services retained by a party in this action;

(viii)  Persons who have been retained by a party to provide translation of interpretation from one language to another; and

(ix)    Mock jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party.

(b)     *Access* – "ATTORNEYS' EYES ONLY–SOURCE CODE." Designated Material marked "ATTORNEYS' EYES ONLY- SOURCE CODE" shall be available only to those

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

persons who may have access to Designated Material marked "ATTORNEYS' EYES ONLY

INFORMATION" (see paragraph 6(a)) subject to the terms of paragraphs 5(c) and 7).

    (c)   *Access* – "CONFIDENTIAL INFORMATION." Designated Material marked

"CONFIDENTIAL INFORMATION" shall be available only to:

        (i)   Those persons who may have access to materials designated

"ATTORNEYS' EYES ONLY INFORMATION" subject to the terms of paragraph 7; and

        (ii)   For each party to this litigation, which includes Technology Licensing

Company, Inc. and CyberHome Entertainment, Inc., 15 employees subject to the terms of

paragraph 7. With respect to this subparagraph, the term "employee" shall include current

directors, officers and/or employees of the Receiving Party.

7.    **CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

    (a)   *Consultants and Experts.* Prior to a Receiving Party giving, showing, disclosing,

making available or communicating Designated Material to any expert or consultant under

paragraph 6(a)(iii), the party shall:

        (i)   Serve a notice, which shall be served electronically on counsel for the

Producing Party, identifying the expert or consultant and the expert's or consultant's business

address, business telephone numbers, present employer and position (along with a job

description), consulting activities and job history for the past three years, and past or present

relationship, if any, with the Receiving Party. Furthermore, if available or reasonably obtainable,

the most recent curriculum vitae or resume of the expert or consultant shall be provided under this

section. If the most recent curriculum vitae or resume of the expert or consultant provides the

information required under this paragraph, then the information need not be separately provided.

        (ii)   State in such notice the specific Designated Material proposed to be

disclosed. In the absence of a specific designation of the material to be disclosed, the notice will

be construed as referring to all of the Designated Material of the Producing Party subject to this

Order. In the event a specific designation is made, only so much of the Producing Party's

Designated Material as is specifically designated shall be disclosed to the intended recipient,

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

unless and until such time as a further notice is given to the Producing Party in the manner set forth in this paragraph.

(iii)     Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

(iv)     The Producing Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material.

(v)     If the Producing Party needs further information regarding the expert or consultant to make a decision as to whether to object to that person, such party may request additional information within five (5) business days after receipt of the Acknowledgment of Protective Order.  The Producing Party shall then be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the requested information, or receipt of a refusal to provide such information.

(vi)     The party wishing to disclose the Designated Material to an expert or consultant to whom a written objection has been made has the burden to apply to the Court for an order that such disclosure is proper.

(vii)     No disclosure of the Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(viii)     The service and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(ix)     Any party moving for such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of

-10-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1  justifying the confidentiality designation and explaining the harm that would result from the

2  requested disclosure.

3       (b)    *Authorization and Acknowledgment.* Each person hereof (excluding Judges,

4  Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is

5  pending or qualified court reporters) to whom Designated Material is to be given, shown,

6  disclosed, made available or communicated in any way, shall first execute an Acknowledgment of

7  Protective Order in the form shown in Exhibit A, agreeing to be bound by the terms of this Order,

8  acknowledging that Designated Material is subject to this Order, that the person is authorized

9  under paragraphs 6(a)-(c) to receive Designated Material marked as CONFIDENTIAL

10  INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, 3D PARTY

11  CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION, or ATTORNEYS' EYES

12  ONLY–SOURCE CODE, that the person has read this Order, that such person agrees to comply

13  with, and be bound by, this Order, and that such person is aware that contempt sanctions may be

14  entered for violation of this Order. Counsel to whom Designated Material is produced shall keep

15  in his or her files an original of each such executed Acknowledgment of Protective Order until

16  sixty (60) calendar days after the final termination of this action. Upon final termination of this

17  action and at the written request of the Producing Party, all such executed agreements shall be

18  provided to outside counsel for the Producing Party.

19  8.   **PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

20       (a)    <u>Disclosure of Designated Material to Court Officials</u>. Subject to the provisions of

21  this section, Designated Material may be disclosed to the Court, Court officials or employees

22  involved in this action (including court reporters, persons operating video recording equipment at

23  depositions, and any special master or referee appointed by the Court) and the jury in this action,

24  and any interpreters interpreting on behalf of any party or deponent.

25       (b)    <u>Obligations of the Court</u>. The parties agree that the employees of the Court or the

26  Clerk's office have no duty to the parties to maintain the confidentiality of any information in any

27  papers filed with the Court.

28

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

-11-

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

(c)     <u>Filing Designated Materials with the Court</u>.  The parties shall not file any material with the Court under seal, except in accordance with Local Rule 79-5.

(d)     <u>Retrieval of Copies of Designated Materials</u>.  The party lodging or filing the Designated Materials shall be responsible for retrieving the chamber's copies of such Designated Materials from the Court following the final termination of the action (including after any appeals) in accordance with Local Rule 79-5(f) and in accordance with the assigned Judge's practices.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the action, including appeals therefrom, all persons having received Designated Materials shall return such material and all copies thereof to counsel for the Producing Party, or certify destruction thereof.  Outside Counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel and employees of such counsel shall not disclose any such information or material contained in such court papers or transcripts or attorney work product to any person or entity except pursuant to court order or written agreement with the producing party of the information or material.

(e)     <u>Failure to File Under Seal</u>.  If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within twenty (20) days of the filing of said Designated Materials.  The Clerk of the Court is directed to comply with such request if consistent with Local Rule 79-5.

(f)     <u>Use of Designated Materials in Open Court</u>.  The parties shall not present or quote from any Designated Materials in open court, unless the Court shall order otherwise.  With the exception of pleadings, briefs, declarations, or exhibits ("Litigation Documents") filed under seal pursuant to Local Rule 79-5, the parties shall not present or quote from any Designated Materials in any Litigation Document.  Presentation of, or quotations from, Designated Materials shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Materials.  After the mandatory settlement conference and prior to trial, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial, for example if the need arises to present Designated Material in

-12-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

Court the parties contemplate that this could be accomplished by implementing safeguards acceptable to the Court for preventing improper disclosure of Designated Material.

      (g)    <u>Establishing Sealability of Third-Party Designated Material.</u>  The parties agree that when one party files a document designating third-party information as Designated Material, irrespective of the level of designation assigned to the third-party information, the parties will follow the procedures set forth in Local Rule 79-5(d).

## 9.    REDACTED FILINGS OF PAPERS WITH DESIGNATED MATERIAL

      Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that all such redacted versions of papers comply with Local Rule 79-5.

## 10.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

      If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in paragraph 6, and to disclose Designated Material to such person to properly prepare this litigation for trial, the following procedures shall be employed:

      (a)    Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, stating therein the specific Designated Material to be disclosed and the name, address and position of the person(s) to whom such disclosure is to be made;

      (b)    If no objection to such disclosure is made by outside counsel for the Producing Party within ten (10) business days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form shown in Exhibit A, whereby such person agrees to comply with and be bound by this Order. The acknowledgment shall be retained by outside counsel for the Receiving Party, and provided to the Producing Party upon the final disposition of this action;

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

(c)     If, within ten (10) business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court that such disclosure is proper; and

(d)     Any party moving for such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

11.     **UNINTENTIONAL FAILURE TO DESIGNATE**

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material. Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order.

-14-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

12. **UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material. If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within five (5) business days upon discovery of the disclosure, so advise the Receiving Parry in writing, request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material. The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party. The Receiving Party having returned the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure.

13. **INFORMATION NOT COVERED BY THIS ORDER**

The restrictions set forth in this Order shall not apply to information which is in the possession of, or otherwise known to, the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of, or becomes known to, the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this order.

14. **RESPONSIBILITY OF ATTORNEYS**

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Designated Material under paragraph 6 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so

-15-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

designated. No person shall duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants approved under paragraphs 6 and 7 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to paragraphs 8(d) and 15 of this Order.

15.  **FINAL DISPOSITION**

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

16.  **REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this action in the presence of a jury to the existence of this Order or to the effect that certain material is subject to this Order.

17.  **NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

18.  **RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures

-16-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

1  beyond those authorized by this Order, the burden will be on the Receiving Party to justify the

2  disclosure.

3  19.  **DISCOVERY FROM THIRD PARTIES**

4  　　　　If discovery is sought of a person not a party to this action ("third party") requiring

5  disclosure of such third party's Designated Material, the Designated Material disclosed by any

6  such third party will be accorded the same protection as the parties' Designated Material, and will

7  be subject to the same procedures as those governing disclosure of the parties' Designated

8  Material pursuant to this Order.

9  20.  **ADMISSIBILITY**

10  　　　　Nothing herein shall be construed to affect in any way the evidentiary admissibility of any

11  document, testimony, or other matter at any court proceeding related to this matter. The marking

12  of Designated Material as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

13  INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY

14  INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE pursuant to this Order shall

15  not, for that reason alone, bar its introduction or use at any court proceeding related to this matter

16  pursuant to such terms and conditions as the Court may deem appropriate, consistent with the

17  need for a complete and accurate record of the proceedings; provided, however, that every effort

18  shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve

19  the confidentiality of Designated Material marked as CONFIDENTIAL INFORMATION,

20  ATTORNEYS' EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS'

21  EYES ONLY INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE.

22  21.  **NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

23  　　　　If a Receiving Party receives a subpoena or other compulsory process from a non-party to

24  this Order seeking production or other disclosure of a Producing Party's Designated Material, that

25  Receiving Party shall give written notice to outside counsel of record for the Producing Party

26  within five (5) business days after receipt of the subpoena or other compulsory process

27  identifying the specific Designated Material sought and enclosing a copy of the subpoena or other

28  compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to

-17-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

22. **UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

23. **COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

24. **NO CONTRACT**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

25. **EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed CONFIDENTIAL INFORMATION unless and until they are redesignated by the Producing Party or by further order of the Court.

-18-

26. **TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court of competent jurisdiction) orders otherwise. This Court shall retain jurisdiction to decide any disputes arising out of this Protective Order, even after the termination of this action.

Dated: April __10__, 2006

By _____
    JOHN C. CARPENTER
    DANIEL REMER

    Attorneys for Plaintiff and Counterdefendant
    TECHNOLOGY LICENSING COMPANY,
    INC.

Dated: April __10__, 2006            DLA PIPER RUDNICK GRAY CARY US LLP

By _____
    ARTHUR S. BEEMAN
    PAMELA K. FULMER
    ANNE-MARIE DINIUS
    Attorneys for Defendant and Counterclaimant
    CYBERHOME ENTERTAINMENT, INC.

-19-

## EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, state that:

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I hereby agree that to the extent I am provided any documents or items designated CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, 3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION, or ATTORNEYS' EYES ONLY–SOURCE CODE in conjunction with this litigation, I will maintain those materials in a secure location accessible only to me, and I will not disclose those materials or the fact I have those materials to any other person. I also agree not to make any copies of such materials, and to return them when requested to do so by the party that hired me. I further agree that, at the conclusion of this litigation, I will return or destroy any notes or electronic versions of or related to such materials.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

-20-

I further understand that with respect to material marked "3D PARTY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION", I will defend and hold harmless the Producing Party to the extent that my violation of the terms of this Acknowledgment causes a third party to enforce its rights against the Producing Party.

DATED this _____ day of _____, 20___.

_____
(Signature)

_____
(Typed or Printed Name)

-21-

## **ORDER**

APPROVED AND SO ORDERED this <u>11th</u> day of <u>April</u> cf 2006.

Dated: <u>April 11, 2006</u>

<u>Jeffrey S White</u>
Honorable Jeffrey S. White
U.S. District Judge

-22-

DLA PIPER RUDNICK
GRAY CARY US LLP

SF\3123109.5
356065-12

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-03683 JSW

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper Rudnick Gray Cary US LLP, 153 Townsend Street, Suite 800, San Francisco, California 94107-1957. On April 10, 2006, I served the within documents:

## [PROPOSED] STIPULATED PROTECTIVE ORDER

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐     by causing a messenger to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Daniel Remer, Esq. | Attorneys for Plaintiff and |
| John W. Carpenter, Esq. | Counterdefendant Technology |
| Technology Licensing Company | Licensing Company, Inc. |
| 33 1/2 Los Pinos | |
| Nicasio, CA 94946 | |
| Tel: (415) 398-4517 | |
| Fax: (415) 276-9857 | |
| Email: dan@danielremer.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 5, 2006, at San Francisco, California.

*Judith A. Fazackerley*
Judith A. Fazackerley